Case 1:16-vv-01391-UNJ   Document 22   Filed 07/06/17   Page 1 of 3

ORIGINAL

REISSUED FOR PUBLICATION
JUL 6 2017
OSM
US COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: June 5, 2017

```
* * * * * * * * * * * * *
HEATHER BUTTON, on behalf of    *    No. 16-1391V
W.S.B.,                          *
                                 *
            Petitioner,          *    Special Master Sanders
                                 *
v.                               *
                                 *    Dismissal; Order to Show Cause;
SECRETARY OF HEALTH              *    Failure to Prosecute; Insufficient Proof.
AND HUMAN SERVICES,              *
                                 *
            Respondent.          *
* * * * * * * * * * * * *
```

FILED
JUN -5 2017
OSM
U.S. COURT OF
FEDERAL CLAIMS

Heather Button, *pro se*, Winfield, IL.
Jennifer L. Reynaud, United States Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On October 25, 2016, Heather Button ("Petitioner") filed a petition for compensation on behalf of W.S.B. in the National Vaccine Injury Compensation Program ["the Program"].[2] Pet. 1, ECF No. 1. Petitioner alleged that the influenza ("flu") vaccine and hepatitis A vaccine W.S.B. received on November 26, 2013 caused him to suffer from Henoch-Schonlein Purpura ("HSP"). Pet. 1-2. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

I.      **PROCEDURAL HISTORY**

Petitioner filed her petition on October 25, 2016 with ten exhibits consisting of medical records. Pet. The case was initially assigned to Special Master Hamilton-Fieldman. Not. Assignment, ECF No. 4. On December 1, 2016, Special Master Hamilton-Fieldman held an initial status conference with the parties. Initial Order, ECF No. 8. During this status conference, Special Master Hamilton-Fieldman encouraged Petitioner to obtain an attorney for two reasons. *Id.* at 1. First, Special Master Hamilton-Fieldman noted that the medical records revealed a possible alternative cause to W.S.B.'s HSP. *Id.* Second, Special Master Hamilton-Fieldman explained that Petitioner would need to acquire an expert to address vaccine causation, especially in light of the possible alternative causation. *Id.* Special Master Hamilton-Fieldman then ordered Petitioner to re-file her medical records, as they were not filed in accordance with the Vaccine Rule. *Id.* at 2. Petitioner's deadline to re-file her records was January 6, 2017. *Id.*

On January 10, 2017, this case was transferred to the undersigned. Not. Reassignment, ECF No. 12. On that same day, Petitioner telephoned the undersigned's chambers to inquire as to how to submit a motion for an extension of time to file her outstanding medical records. Informal Comm., dated Jan. 10, 2017. Petitioner filed her motion for an extension of time on January 27, 2017. Mot., ECF No. 13. The undersigned granted this motion, providing Petitioner until February 10, 2017 to submit her medical records and a Statement of Completion. Order, ECF No. 14.

On February 9, 2017, Petitioner submitted medical records and a Statement of Completion. Statement Comp., ECF No. 15. The undersigned then ordered Petitioner to submit an expert report by April 13, 2017, and Respondent to file a status report by March 3, 2017 to indicate how he wished to proceed. Order, ECF No. 16. On March 7, 2017, Respondent filed a Motion to Dismiss, arguing that Petitioner could not satisfy the six-month severity requirement of the Vaccine Act. Mot. Dismiss, ECF No. 19. The deadline for Petitioner to respond to this Motion was March 24, 2017. *See* Docket Rep. Petitioner did not respond to this Motion.

Petitioner's April 13, 2017 deadline passed without any filings or communications with Chambers. On April 24, 2017, Chambers emailed Petitioner to inquire into the status of her expert report. Informal Comm., dated Apr. 24, 2017. Chambers again attempted to contact Petitioner on May 8, 2017 regarding the lapsed deadlines to file an expert report and respond to Respondent's Motion to Dismiss. Informal Comm., dated May 8, 2017.

On May 10, 2017, the undersigned issued an Order to Show Cause why the case should not be dismissed for failure to prosecute. Order Show Cause, ECF No. 20. The undersigned ordered Petitioner to file an expert report or a status report by May 31, 2017. *Id.* at 2. The Order cautioned that a failure to file these documents "will be interpreted as a failure to prosecute this claim, and the petition shall be dismissed." *Id.* To date, the undersigned has not received any further filings or documentation from Petitioner.

## II. ANALYSIS

When a petitioner fails to comply with Court orders to prosecute her case, the Court may dismiss her claim. *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 819 (Fed. Cir. 1993) (table); Vaccine Rule 21(b); *see also Claude E. Atkins Enters., Inc. v. United States*, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests). Petitioner's failure to meet the deadline for her expert report, respond to Respondent's Motion to Dismiss, and comply with the undersigned's Order to Show Cause indicate a disinterest in pursuing her claim. The undersigned will therefore dismiss this case for failure to prosecute.

Additionally, to receive compensation under the Act, Petitioner must prove either (1) that W.S.B. suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of his vaccinations, or (2) that W.S.B. suffered an injury that was actually caused by a vaccine. *See* §§ 300aa–13(a)(1)(A), 300aa–11(c)(1). An examination of the record did not provide any evidence that W.S.B. suffered a "Table Injury." Furthermore, the undersigned finds that Petitioner's incomplete medical record filings, without a hearing or any additional evidence, do not contain preponderant evidence demonstrating that W.S.B.'s alleged vaccine injury was vaccine-caused.

**Thus, this case is dismissed for failure to prosecute. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

Herbrina D. Sanders
Special Master